IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TYRONE WILKINS,
    Plaintiff,

vs.                                      Case No.: 3:07cv60/RV/MD

DR. MONESTERO, et al.,
    Defendants.
_____

**REPORT AND RECOMMENDATION**

    This case filed under 42 U.S.C. § 1983 is before the court upon defendant Baptist Health Care's ("BHC") motion to dismiss or, in the alternative, for summary judgment. (Doc. 39). BHC submitted sworn affidavits in support of its motion. (Doc. 41). The *pro se* plaintiff did not respond. On July 16, 2008 the court entered an order advising the parties that BHC's motion was construed as one for summary judgment and would be deemed "submitted" on July 28, 2008. The order further advised the parties of the importance and ramifications of Rule 56 summary judgment consideration, and allowed them 10 days to submit any relevant evidence and argument in support or opposition to the motion. (Doc. 43). No further argument or Rule 56 material has been submitted. Upon review of the evidence in the summary judgment record, the undersigned concludes that BHC's motion should be granted.

**BACKGROUND AND PROCEDURAL HISTORY**

    Plaintiff initiated this action on February 5, 2007. (Doc. 1). At the time, he was an inmate of the Florida penal system incarcerated at Mayo Correctional Institution. (*Id*., p. 2). He was released from the custody of the Florida Department of

Corrections in September of 2007. (Doc. 22). On November 27, 2007, plaintiff filed a second amended complaint naming two defendants: Dr. Monestero and Baptist Health Care. (Doc. 27). Plaintiff claims he was denied constitutionally adequate medical care during his confinement as a pre-trial detainee at the Escambia County Jail in February of 2005. As relief, he seeks compensatory and punitive damages, a declaration that Dr. Monestero's actions violated his constitutional rights, and any other relief this court deems just, proper and equitable. (*Id*., p. 15)

**Pertinent Allegations of Plaintiff's Verified Second Amended Complaint** [1]

Plaintiff alleges that on February 11, 2005 he fell onto a table during an altercation between two other inmates. As a result of the fall, plaintiff severely lacerated his left index finger to the extent that the tendons were exposed. Plaintiff was escorted to the medical department where he was examined by Dr. Monestero. Dr. Monestero diagnosed plaintiff as having tendon damage and severe trauma to his finger. Plaintiff asked that he be escorted to an "outside hospital" for treatment; however, Dr. Monestero denied plaintiff's request stating, "Mr. Wilkins, that's why I was called up to fix that finger for you." Plaintiff states that he was uncomfortable being treated by Dr. Monestero because he smelled of alcohol. Plaintiff asked Dr. Monestero several times why he could not be escorted to an outside hospital. Dr. Monestero responded that it was against policy and procedure. Dr. Monestero injected plaintiff's finger with anesthesia, sutured the laceration, bandaged it, and gave plaintiff a pain reliever, but made no attempt to repair the damaged tendons. (Doc. 27, pp. 5-7).

On March 18, 2005, plaintiff was taken to Baptist Manor to see an orthopedic surgeon, Dr. Kessler. Dr. Kessler treated plaintiff's finger for an advanced infection. Plaintiff contends that as a result of the inadequate care he received from Dr.

---

[1] The court conveys those factual allegations of plaintiff's verified second amended complaint (doc. 27), which comply with the requirements for affidavits specified in Rule 56--that they "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." FED.R.CIV.P. 56(e).

Monestero and the delay in seeing an orthopedic surgeon, he suffered "needless pain and permanent damages and mental anguish."  (*Id.*, pp. 9-10).

### Defendant BHC's Motion to Dismiss or for Summary Judgment

Defendant BHC asserts that at the time of the alleged incident, it neither employed nor had any relationship with Dr. Monestero, nor did it have a contract to provide medical services to pre-trial detainees in the Escambia County Jail.  (Doc. 39).  BHC argues that because BHC is not a proper defendant in this case, plaintiff has not made out a claim against BHC upon which relief can be granted.  Accordingly, plaintiff's complaint should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  BHC further argues that because it has submitted sworn affidavits in support of its contentions, its motion should be converted to one for summary judgment and granted, because BHC has demonstrated that there is no genuine issue as to any material fact and that BHC is entitled to judgment as a matter of law.  (Doc. 39).

## LEGAL STANDARDS

### Rule 12(b)(6) Standard

In considering a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must take all well-pleaded facts of the complaint as true and construe them in the light most favorable to the plaintiff.  *Davis v. Monroe County Bd. of Educ.*, 120 F.3d 1390, 1393 (11th Cir. 1997).  The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face.  *See Bell Atl. Corp. v. Twombly*, --- U.S. ---, 127 S.Ct. 1955, 1968-69, 1974, 167 L.Ed.2d 929 (2007).

If, on a motion under Rule 12(b)(6), matters outside the pleadings are presented to and not excluded by the court, "the motion must be treated as one for summary judgment under Rule 56," and all parties "must be given a reasonable opportunity to present all the material that is pertinent to the motion."  Fed. R. Civ. P. 12(d).

**Summary Judgment (Rule 56) Standard**

In order to prevail on its motion for summary judgment, BHC must show that plaintiff has no evidence to support his case or present affirmative evidence that plaintiff will be unable to prove his case at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2553-54, 91 L. Ed. 2d 265 (1986).  If BHC successfully negates an essential element of plaintiff's case, the burden shifts to plaintiff to come forward with evidentiary material demonstrating a genuine issue of fact for trial.  *Id.*  The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).  A dispute is "genuine" if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248.  A fact is "material" if it "might affect the outcome of the suit under the governing law."  *Id.,* 477 U.S. at 248, 106 S.Ct. at 2510.  Plaintiff must show more than the existence of a "metaphysical doubt" regarding the material facts, *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986), and a "scintilla" of evidence or conclusory allegations is insufficient.  *Celotex Corp.*, 477 U. S. at 324 (quoting FED.R.CIV.P. 56(e)).  Plaintiff must either point to evidence in the record or present additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency.  *Celotex Corp., supra*; *Owen v. Wille*, 117 F.3d 1235, 1236 (11th Cir. 1997)("Rule 56(e) . . . requires the nonmoving party to go beyond the pleading and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'") (quoting *Celotex Corp.,* 477 U.S. at 324, 106 S.Ct. at 2553 (quoting Fed.R.Civ.P. 56(c), (e))); *Hammer v. Slater*, 20 F.3d 1137 (11th Cir. 1994).

Evidence presented by plaintiff in opposition to the motion for summary judgment, and all reasonable factual inferences arising from it, must be viewed in

the light most favorable to plaintiff.  *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157, 90 S. Ct. 1598, 1608, 26 L. Ed. 2d 142 (1970); *Jones v. Cannon*, 174 F.3d 1271, 1282 (11th Cir. 1999).  Nonetheless, plaintiff still bears the burden of coming forward with sufficient evidence of every element that he must prove.  *Celotex Corp.*, 477 U.S. 317 (1986).  A motion for summary judgment should be granted if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c); *Celotex Corp.*, 477 U.S. at 322, 106 S.Ct. at 2552.

Section 1983 Standard

In any section 1983 action, the initial inquiry must focus on whether two essential elements are present:

> 1.  whether the conduct complained of was committed by a person acting under color of state law; and
>
> 2.  whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420, 428 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001).  With regard to the first requirement, it is well-settled that "the party charged with the deprivation must be a person who may fairly be said to be a state actor."  *Patrick v. Floyd Med. Ctr.*, 201 F.3d 1313, 1315 (11th Cir. 2000).  Only in rare circumstances may a private party be viewed as a state actor for § 1983 purposes:

> [T]o hold that private parties . . . are State actors, th[e] court must conclude that one of the following three conditions is met:  (1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution (State compulsion test); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State (public function test); or (3) the State had so far insinuated itself into a position of interdependence with the private parties that it was a joint participant in the enterprise (nexus/joint action test).

*Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001) (internal quotation marks omitted).

## DISCUSSION

BHC asserts that in 2005 it had no employment or medical staff relationship with Dr. Monastero,[2] nor did it have a contract to provide medical services to inmates in the Escambia County Jail. (*Id.*, Doc. 39, pp. 1-2). BHC has accompanied its motion with affidavits of Sue Westendorf and Eleanor McGee. (Doc. 41). Ms. Westendorf, the Director of Medical Affairs at Baptist Hospital, Inc. ("BHI"), states that Joseph P. Monastero, M.D. was appointed to the BHI Medical Staff on September 22, 1998; that he resigned from the BHI Medical Staff on August 22, 2000; that he has not been a member of the BHI Medical Staff nor affiliated with BHI or BHC since his resignation on August 22, 2000; and that Monastero was not a member of the BHI Medical Staff or affiliated with BHI or BHC on February 11, 2005. (Doc. 41, Ex. A). Ms. McGee, the Vice President of Finance and the Controller for BHC, states that based on her search of BHC's contract database and inquiry of relevant persons within BHC regarding any potential contract with Escambia County involving the Escambia County Jail, to the best of her knowledge BHC has never had a contract to provide medical services to detainees/inmates in the Escambia County Jail and did not have such a contract on February 11, 2005. (Doc. 41, Ex. B).

It was incumbent upon plaintiff to produce evidence creating a genuine issue of fact for trial as to whether: (1) Dr. Monestero was employed by BHC at the time of the alleged incident, and (2) whether BHC had a contract to provide medical services to pre-trial detainees at the Escambia County Jail at the time of the alleged incident. Plaintiff has not done so.[3]

---

[2] BHC states that by virtue of a review of its records, it has reason to believe that "Dr. Monestero" is actually Dr. Joseph P. Monastero, M.D. (Doc. 40, p. 1).

[3] Although plaintiff alleges in his second amended complaint that Dr. Monestero told him that he (Monestero) was employed by BHC and that BHC had a contract with the Escambia County Jail to provide medical services for pre-trial detainees, (doc. 27, pp. 6-7), the court is not considering these

## CONCLUSION

The evidence in support of BHC's motion for summary judgment establishes that there is no genuine issue of material fact, and that as a matter of law, BHC is entitled to summary judgment because plaintiff cannot prove that BHC acted under color of state law or was in any way associated with the alleged unconstitutional conduct.

Accordingly it is respectfully RECOMMENDED:

1. That defendant Baptist Health Care's motion for summary judgment (doc. 39) be GRANTED.

2. That this matter be referred to the undersigned for further proceedings on plaintiff's claim against Dr. Monestero.[4]

At Pensacola, Florida this 11th day of August, 2008.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

---

statements on summary judgment review because they are inadmissible hearsay. By inadmissible hearsay the undersigned means (for purposes of this Report and Recommendation only) an out-of-court statement, presented for the purpose of establishing the truth of the statement's contents, that does not fall within an exception to the hearsay rule. *See generally* Fed. R. Evid. 801-804. It is well-settled in this Circuit that inadmissible hearsay generally "cannot be considered on a motion for summary judgment." *Macuba v. Deboer*, 193 F.3d 1316, 1322 (11th Cir. 1999). The exception is that otherwise admissible evidence may be "submitted in inadmissible form at the summary judgment stage, though at trial it must be submitted in admissible form." *McMillian v. Johnson*, 88 F.3d 1573, 1584 (11th Cir. 1996) (emphasis omitted). Plaintiff has not established that Dr. Monestero's statements concerning BHC are otherwise admissible.

[4] Service was returned unexecuted as to Dr. Monestero on April 15, 2008. After receiving Dr. Monestero's current address (doc. 36), the court attempted to obtain a waiver of service from this defendant. Dr. Monestero did not return the waiver of service form; therefore, on July 15, 2008 the court directed that he be personally served. (Doc. 42).

*Case No: 3:07cv60/RV/MD*

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636;** ***United States v. Roberts***, **858 F.2d 698, 701 (11th Cir. 1988).**